IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MALCOM M. RYIDU-X, #273-575, :

    Plaintiff :

    v. : CIVIL ACTION NO. CCB-16-2715

WARDEN DENISE GELSINGER,[1] :
LT. CAUDO, SR.,
SGT. TERRY WINTERS,[2] :
SGT. CAULIFLOWER,
WARDEN RICHARD DOVEY, :
SGT. JOSHUA CASTLE,
TSAMBA, :

## MEMORANDUM

### I. PROCEDURAL HISTORY

In a complaint filed July 27, 2016, and construed as a civil rights action under 42 U.S.C. § 1983, Malcom M. Ryidu-X alleged that a fellow prisoner in his housing unit at the Maryland Correctional Institution – Hagerstown ("MCI-H") had threatened to rape him in the shower and prison authorities would not disclose the name of the individual or protect Ryidu-X from the threat. (ECF No. 1). The Court ordered counsel for the Maryland Division of Correction to show cause within 21 days why injunctive relief should not be granted in favor of Ryidu-X. (ECF No. 2).

On August 8, 2016, Ryidu-X supplemented his complaint to name various correctional defendants as well as the prisoner alleged to have threatened him, "Tshamba." (ECF No. 5).

---

[1] The Clerk shall amend the docket to reflect Defendant Denise Gelsinger, not Gail Singer, is the former Warden of the Maryland Correctional Institution at Hagerstown, as reflected in this caption.

[2] The Clerk shall amend the docket to reflect the proper name and title, as reflected in this caption, for Defendants Winters and Castle.

The supplemental complaint, which included no relief request, was accompanied by a motion for preliminary injunction to prohibit Tshamba from access to Ryidu-X's food.[3] (ECF No. 6). Ryidu-X reiterated that Tshamba remained a threat and that dietary staff continued to deliver substitute meals to him twice a week because of his food allergy. He implies that because fellow prisoners are given unsupervised access to meals prepared for food allergy sufferers, those like himself with allergies are at undue risk for food tampering. Ryidu-X stated he started a hunger strike and filed an Administrative Remedy Procedure ("ARP") complaint in an attempt to get prison personnel to recognize his food allergy and to keep Tshamba away from him and his food. *Id.*

On September 2, 2016, the Office of the Maryland Attorney General responded to both the complaint and the injunctive relief request. (ECF No. 8.). Ryidu-X was notified that the response would be construed as a motion for summary judgment (ECF No. 9), and filed an opposition response. (ECF No. 10.). Ryidu-X also filed a second motion for injunctive relief asking that Officer Vanorsdale and prisoner Joe Dorsey—who were not named as Defendants to this action—be barred from entering the same protective custody unit where he was housed. (ECF No. 15, p. 1.). Ryidu-X stated that Dorsey spit on him on March 10, 2017, and Vanorsdale and other officers refused to verify the incident by reviewing a surveillance video. (*Id.*, p. 2.). The Court denied the second injunctive relief request because Ryidu-X was housed on protective custody, making actual physical contact between him and Dorsey unlikely to occur. (ECF No. 17, p. 2). Ryidu-X's motion for appointment of counsel (ECF No. 16) was denied without prejudice. (ECF No. 17, pp. 2-3). In a separate order, the Court ordered service of process on the six correctional defendants named in the complaint and its amendment, and dismissed Tshamba,

---

[3] Ryidu-X also asked that his case be stayed pending exhaustion of administrative remedies.

2

who was a private person not amenable to suit under the civil rights statute. (ECF No. 18, p. 2). To date, four correctional defendants, former Wardens Gelsinger and Dovey, Lt. Castle, and Sgt. Winters, have been served and have jointly filed a motion to dismiss or, in the alternative, motion for summary judgment.[4] (ECF No. 25). That motion, construed as a motion for summary judgment, is opposed by Ryidu-X. (ECF No. 26). No hearing is necessary to determine the outcome of this case. *See* Local Rule 105.6 (D. Md. 2016).

## II. ANALYSIS

A case becomes moot when the issues presented are "no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (quoting *Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979)). Where injunctive or declaratory relief is requested in a prisoner's complaint, it is possible for events occurring subsequent to the filing of the complaint to render the matter moot. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner moots his Eighth Amendment claims for injunctive and declaratory relief); *see also Slade v. Hampton Rd's Reg'l Jail*, 407 F.3d 243, 248–49 (4th Cir. 2005) (pre-trial detainee's release moots his claim for injunctive relief); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) (holding that the transfer of a prisoner rendered moot his claim for injunctive relief). Ryidu-X's complaint, as supplemented, solely seeks injunctive relief requiring the correctional defendants to keep a potential assailant away from his food and housing unit. This relief request has been rendered moot, following Ryidu-X's November, 2017

---

[4] In his supplemental complaint, Ryidu-X alleged Protective Custody Unit Manager Lt. Caudo and Protective Custody Unit Supervisor Cauliflower "assigned the inmate who (plaintiff believes) made the threat of rape . . .to prepare and to serve the plaintiff's meals (mostly unsupervised) twice daily . . ." Ryidu-X claimed this assignment "demonstrates a deliberate indifference and actual malice toward plaintiff." (ECF No. 5 at 6). Ryidu-X claims he became sick in August of 2015 "after eating tainted food served by . . . Tshamba" and complained to unnamed prison officials of "Tshamba's continued harassment, unauthorized access to his meals by stealing them from the dietary supervisors to prevent anyone else from serving these meals" to Ryidu-X. (*Id.*, p. 7). Ryidu-X expresses concern that Tshamba could have served him "tainted food or possibly even sedating him in attempts to carry out his threat of rape." (*Id.*, p. 10). Caudo and Cauliflower, who were not served with the complaint, are never identified as the officials to whom Ryidu-X reported his concerns.

3

transfer from MCI-H to the Eastern Correctional Institution at Westover ("ECI"). (ECF No. 25, Ex. 11)

Accordingly, a separate order shall be entered dismissing the complaint as moot and closing this case.

Date: 9/17/18

_____
Catherine C. Blake
United States District Judge